Shaw C. J.
afterward drew up the opinion of the Court. This is a writ of entry, in which the demandants count on their legal title ; the burthen of proof is upon them to show such legal title, and the only question for the Court is, whether, by the facts agreed, they have established such legal title. The ground upon which the demandants claim is, that the wife is one of the heirs at Jaw of Josiah Sawtell; that Josiah Sawtell, by his will, devised the premises to his wife for her life, remainder to the town of Groton on a condition, among other things, that the estate should not be sold ; that after the death of the tenant for life, the town entered and. became seised by force of the devise; that afterwards, under the authority of an act of the legislature, they did sell the estate ; that thereby and by force of the condition, the estate became forfeited ; and that thereupon the demandants, as heirs at law of the devisor, entered for this breach of condition, and thereby became seised, as averred in their count.
The clause in the will, which is relied on, is as follows : —
“My will is, and I do hereby give and bequeath to the town of Groton, forever, after the decease of.my wife, all the buildings and lands which I have heretofore given her during life, to use and improve forever, and positively order, that the same be not sold, but rented,” &c., and directing the manner in which the rents shall be applied to the support of the gospel minister in the town.
The residuary clause in the will is as follows : — “And as to the remainder of my estate both real and personal and residue of the same not hereafter disposed of, my will is, and I do hereby order my said executors, at their own option, to dis *314 tribute the same to and among the poor of said town and church of Groton, as I have heretofore been used to do.”
" Whether the positive order, not to sell the estate annexed to the devise to the town, constitutes a condition technically, so that upon a non-compliance with the order the devise be-, came forfeited for breach of condition ; — whether if it be construed a condition, such a condition in perpetual restraint of alienation, after a devise in fee, is repugnant to the gift and void in point of law; — and whether the devise is to be regarded as a charitable donation, the mode of managing which, with a view to a better accomplishment of the benevolent purposes of the donor, might be rightfully directed and varied by the general superintending power of the legislature,—are questions w'hich have been raised in the present case, upon which the Court give no opinion, because we are all of opinion, that whichever way they are decided, the demandants cannot recover.
If the positive direction contained in the will can be construed to be a condition valid in law, it is no doubt a condition subsequent. By force of the devise therefore, and the entry of the town after the decease of the tenant for life, the town became seised, and the estate remained vested in them, until the happening of the supposed breach of condition by the sale of the land.
By a late case, Hayden v. Stoughton, 5 Pick. 528, upon a full argument and great consideration, it was decided, that where there was a devise to a town upon condition, and the town entered but failed to perform the condition, this was a condition subsequent ; that the town rightfully entered and became seised, and so remained, until a forfeiture happened by a breach of the condition ; and that upon the happening of such forfeiture, the estate passed to the residuary devisee, and not to the heir at law. The Court in that case review the authorities and draw a marked distinction between the cases of lapsed devises, and after-purchased estates, which as they do not pass by the will, are rightfully held to descend to the heir at law, and a contingent reversionary interest, upon which the will may operate. And they held in that case, that the devise was of a conditional and not an absolute fee ; that therefore there *315 was a contingent interest, which the devisor might dispose of if he pleased, to take effect upon the forfeiture of the estate ; and that the residuary clause, being general in its terms, was broad enough to pass the contingent interest. We consider this authority as entirely decisive of the case at bar. Upon the hypothesis that the devise was conditional, here was a contingent reversionary interest, to arise upon the happening of the forfeiture by a breach of a condition subsequent; this interest was capable of being devised, and the residuary devise is broad enough to embrace it. It is manifest that the devisor did not mean to die intestate as to any part of his property. He directs the disposition of all the residue and remainder of his estate, both real and personal, in the most comprehensive terms. It is not necessary, in order to give effect to such a clause, that the testator should have foreseen precisely how his will would operate, or what property, in the contingencies which might happen, would pass by it. Nor is it necessary to consider whether the executors, as residuary devisees, took the estate subject to trusts ; it is sufficient that the whole contingent interests passed by the will, so as to defeat the claim of the heirs at law. The opinion of the Court is, that if this devise was conditional, if the condition was valid in law, and if the sale under the authority of the legislature was a breach working a forfeiture, still that no estate thereby vested in the heirs at law of the devisor, and therefore that the demandants are not entitled to recover.[1]

Demandants nonsuit.

 See Clapp v. Stoughton, post, 463; 4 Kent’s Comm. (3d Am. ed.) 541 to 543: Emery v. Judge of Probate, 7 N. Hamp. B 142. But see Greene v. Davis, 6 Connect. R. 293.